# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALTON CANNON, <br> a/k/a Sharif Mozaar Mustafa El Bey <br><br> Plaintiff, <br><br> v. <br><br> CHIEF JUDGE GREGORY M. SLEET <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br><br><br> NO. 09-793-RK |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                December 11, 2009

Plaintiff Alton Cannon ("Cannon"), filed a pro se Civil Rights Complaint alleging violations of his constitutional rights. He has been granted leave to proceed without prepayment of fees. We review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Cannon, who has filed numerous lawsuits in this Court, alleges Chief, United States District Judge Gregory M. Sleet ("Chief Judge Sleet")"filed fraudulent, malicious, arbitrary, capricious, reckless, and unconstitutional rulings in Cannon v. News Journal, Civ. No. 09-53-GMS (D. Del. June 26, 2009). Chief Judge Sleet dismissed the case pursuant to 28 U.S.C. §

1915(e)(2)(B), finding that the complaint was barred by the Rooker-Feldman doctrine, res judicata, collateral estoppel and that Cannon failed to exhaust administrative remedies. Cannon alleges that Chief Judge Sleet failed to afford him due process and failed to address the issues raised in the Complaint. He alleges that "said (Judge) has repeatedly applied the same ruling without authority, justification, and a lawful explanation." He asks the Court to review the records and the law per se, as well as Chief Judge Sleet's rulings for error and abuse of discretion against the administrative of justice and the integrity of the court. He also asks for an investigation in the News Journal case of Chief Judge Sleet's activities, duties, and responsibility of impartiality.

## II. LEGAL STANDARD

We must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). We must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Cannon proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams,

490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915, we must grant Cannon leave to amend his Complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Id.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id.  "[W]here the well-pleaded facts do not permit the court to

infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, –F.3d–, No. 08-3816, 2009 WL 4110372, at *2 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". Id. (citations omitted).

The allegations against Chief Judge Sleet are all related to actions he took as a judge. The Complaint fails to set forth any facts to indicate that Chief Judge Sleet acted in the absence of jurisdiction. Chief Judge Sleet is immune from suit. Accordingly, Cannon's claim lacks an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

The Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. Cannon's motion for recusal of Chief Judge Sleet and amended motion for leave to proceed in forma pauperis are denied as moot. (D.I. 3, 7.)

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALTON CANNON, <br> a/k/a Sharif Mozaar Mustafa El Bey | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| CHIEF JUDGE GREGORY M. SLEET | : <br> : <br> : | NO. 09-793-RK |
| Defendant. | : <br> : | |

## **ORDER**

**AND NOW**, this 11th day of December, 2009 for the reasons set forth in the Memorandum issued this date, it is hereby **ORDERED** that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2. The Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Motion for Recusal is **DENIED** as **moot**. (D.I. 3.)

4. The Amended Motion for Leave to Proceed In Forma Pauperis is **DENIED** as moot. (D.I. 7.)

5. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE